Good morning. May it please the Court, my name is Attorney Tiffany Marquez. I represent the petitioner, Mr. Marquez-Zermeno. There are four distinct issues that I'm going to address today. As a brief, very brief recitation of the highlight facts in this case, Mr. Marquez was convicted of a simple drug possession crime in 1985, and in 1991 immigrated to the United States through a spousal petition through a U.S. citizen spouse. He has three U.S. citizen children and has been an upstanding citizen since that conviction. And may I just say, because we only have ten minutes, he presents some very compelling facts. I believe the immigration judge felt so too. But working through the legal thicket, it's difficult to see where relief would be granted. What, in your view, is the strongest legal basis you have as to why relief should be granted? The strongest legal argument that we have, Your Honor, is distinguished from Wong and Asika. I know that Wong and Asika are the two cases that both the immigration judge and also the government has relied upon in this case in stating that he was never admissible to the U.S., so his lawful permanent residency was conferred in error. First of all, we would distinguish Wong and Asika in that these were very black and white factual allegations. These individuals were never eligible on the basis of the definition under the INA. In Mr. Marquez's case, there could have been a waiver that was either submitted or possibly implicitly or explicitly granted by the consulate. They had full access to his criminal records. He never misrepresented himself before the consulate in obtaining his immigration status. If that had been the case, if there had been an explicit waiver in light of the conviction, would there need to be a record of that procedurally? It would seem to both my client and I that that should have been included in the immigration judge's proceedings. None of that record was ever ordered or developed by the court. And one of the main problems that I have seen and that my client has seen in the immigration judge proceedings is how limited the proceedings really were. He, the judge, pre-terminated all of the applications for relief, finding him legally and statutorily ineligible for any of them, and the record was never fully developed. The transcript of this trial is only 20 pages long. Is it possible, is there a statutory basis for a waiver as of that time? Yes, Your Honor. He would have applied for a waiver of the inadmissibility bar based upon the relief that was available in 1991. And again, we would argue that the consulate had full access to the records, had full access to the legal records, to the criminal records. How do we know that the consulate knew of the conviction? We don't necessarily. And again, that's never been developed in this record. It was never something that was brought out. I was not the attorney of record during the initial trial, but the record was never established and the service never established that the admission was improper. I'm trying to still understand legally where he would fit in because it almost sounds like your argument is one of a rough road to climb against the government. Absolutely. No, I understand, Your Honor. And in essence, what we would argue is that at a minimum, this case should be remanded for further fact-finding. Certainly, if there was a waiver that was submitted or should have been submitted or the consulate knew about this crime and just decided not to act upon it in its adjudication, it would seem that the quote-unquote error that was committed was not a black-and-white error. This is not a case like Asika or Wong where literally the individual is never qualified. Was that argument raised before the immigration judge? I don't believe that that particular argument was ever given an opportunity to be developed, the record was ever developed. I don't believe, and my client doesn't believe, that the government ever fully established that he was removable as a non-alien, that anybody ever established fully that the LPR status was granted in error. The judge concluded through nothing that it must have been granted in error, because after all, how else would he be in the United States? The problem, I guess, is that we have cases that say that it doesn't matter that there was no fraud. It's just that there — it's not a lawful entry if, in fact, there was such a crime behind it. So I don't know how do we get around that. Have you looked at the Savory case out of the Eleventh Circuit? I have not, Your Honor. It kind of goes through the cases from all the circuits, including the Ninth Circuit, and says it doesn't matter that there was no fraud. If, in fact, the crime was disqualifying, then what we have is simply an unlawful entry, and that's the end of the I've not reviewed that file, that case, but I, again, would argue that if a waiver was available — Well, is a waiver available in that situation upon one applying for entry? Yes, a waiver would have been available in 1991. IRA obviously changed a number of the types of crimes that were no longer defendable. Can you cite a regulation or something that suggests that a waiver was available at that time? I didn't — the problem that I had with that is finding the old pre-IRA IRA INAs that we had, and that was something that I should have done, and I apologize for that. If I may cover something briefly on that issue related to jurisdiction, because I know that the government, obviously one of their crux of arguments is that the substance of this case really isn't relevant whatsoever, that the jurisdiction is going to be the primary issue in this case. And, again, I would argue that, number one, I don't know that it's been established in the trial before the case that he was a criminal alien, that this wasn't an issue that they had gotten around. And, secondly, Lujan Armendariz and all the cases that follow from there, as well as the U.S. Supreme Court cases, do provide that immigration consequences cannot follow generally from first-time simple drug offenses, and Mr. Marquez is in the process of having his record expunged of that record, which will then qualify him, of course, for the FFOA relief and those types of protections from the crimes. So the jurisdiction, we believe, is proper and is not barred by 242A2C, which I believe the government ---- Kagan. Run that by again. You're saying he's in the process now of having his pre----- Harrington. His 1985 crime expunged and potentially a vacation of judgment as well. But at a minimum, it will very likely be expunged. The San Diego courts needed some time to get the record since it's an old crime. Sotomayor. Which court was that crime in? Harrington. It was in the San Diego North County in Vista, at the North County Crime ---- I'm sorry, the North County Courthouse in San Diego County in Vista. Sotomayor. I'm not sure it makes any difference, but how come he got a two-year sentence when it's a misdemeanor? Harrington. That's a very good question. He had had some prior crimes that were in the late 70s, some very minor offenses. And the enhancement of those crimes. Sotomayor. Well, it was a gun ---- the maximum sentence is a year. Harrington. I don't know why it was two years. Again, we don't know. The only thing we can speculate, based upon the criminal records that he provided, which weren't much, honestly, related to the enhancement crime of the guns. The interesting thing in this case is that the government, in this case that you're sitting before you, has only charged him removable with the gun. Harrington. So, in summary ---- Sotomayor. You don't want to save your remaining seconds for rebuttal? You're down to 19 seconds, 18. Harrington. That's okay. So, we would argue, in summary, that first, Mr. Marquez-Germano remains a lawful permanent resident. It has not properly been either revoked or rescinded. And that, as a result, he is eligible, then, for either cancellation of removal under 240AA as LPRs, or, in the alternative, as a non-LPR under 240AB1. And our brief does cover that as well. Sotomayor. Thank you. You ready for it? Yes. Thank you, Your Honor. Good morning, and may it please the Court. Excuse me. My name is Jeffrey Bernstein, and I represent the U.S. Attorney General. Before I get into the jurisdictional argument, I'd just like to respond for a second to several things that my opposing counsel said. First of all, Lujan is absolutely not applicable, because there's been no expungement, and there's no indication that there ever will be an expungement on account of a rehabilitative state statute. The holding in Lujan is very narrow, so Lujan doesn't interfere with the Court's lack of jurisdiction at all. And the second general thing I'd like to say is that, in my opponent's beginning of her argument, she mentions many things, none of which were presented to the BIA, and she's failed to exhaust on that issue. But on those issues, but let me say, as a threshold matter, the Court doesn't possess jurisdiction, because 1252A2C provides that no court shall have jurisdiction to review a final order issued against an alien who's removable by reason of having committed a criminal offense covered in Section 1182A2. And Mr. Marquez's drug possession -- excuse me, controlled substance crime is such a crime. Counsel, there are obvious equities in this case. Is there any thought that we might refer this to mediation for some type of resolution? I don't see any issue that's mediatable, Your Honor. So I guess the simple answer to your question is no. I guess family values. Well, that's, unfortunately, given the legal issues in this case, it doesn't matter. Even if the immigration judge would have found that he was eligible for cancellation of removal, he, as a matter of discretion, I'm sorry, he was ineligible as a matter of law for cancellation. But let me just get back to the criminal offense covered in 1182A2AI2, controlled substance offense. And this Court in Alvarez-Sanchez and Briseño v. INS has held that an alien is removable under that statutory language by reason of committing a criminal offense specified in 252-242A2C. If the charging document alleged that the criminal offense is removable under that statute, it is not. And, two, proof of the conviction was essential to the removal order. Here, Mr. Marquez was charged as removable under Section 1227A1A for being inadmissible, and he was inadmissible because of the commission of the crime. Was there any waiver available at the time? Could the time of what, Your Honor, the time of his initial entry? Yes. I'm not aware of one, but I don't know. I'm not going to say yes or no. I don't know. If I could just get through the jurisdictional argument, then I'm happy to get to the merits, and I'm happy to get to the merits. I apologize for interrupting your question. Well, on your jurisdictional point, certainly we would have jurisdiction to determine whether, in fact, it was a lawful entry or not. Would we not? I suppose you would, but, well, actually, you wouldn't because the immigration judge and the board found him removable based upon an entry when he wasn't admissible. Because of the crime. But if, for example, just hypothetically, it was presented that those crimes really were not his, that they had the same name, different record, certainly we could look to determine whether, in fact, he had been convicted of a crime. You can't because he, the immigration judge and the board concluded that he was inadmissible by virtue of having committed the crime, and he doesn't, he didn't raise that to this court. He certainly didn't exhaust it with the BIA. But it is, we may not need to reach it if we simply look at, there's two grounds for cancellation and removal, as I understand it. Correct. One is he wasn't a lawful, wasn't lawfully admitted. Right. Although that also hinges on the conviction. But the second is that he was not admitted. Correct. And the third one is just straight up the conviction. Correct. Oh, yeah. He's not eligible as a non-permanent resident because of his conviction. Because of his conviction. And he doesn't contest that that conviction was. And at that point, we wouldn't have jurisdiction. That's correct. But we would have jurisdiction, for example, to determine whether the BIA had interpreted as a matter of law, lawful admissibility. I mean, that's a legal question. No, because the BIA didn't have any call to determine that issue because it wasn't raised to them. They didn't exhaust on that issue. So they didn't have cause to. And there's no question in this record that he was convicted of this offense. He was convicted of a controlled substance offense. Possession, I guess he was convicted of possession of phenocyclidine. He was charged with possession with intent to deliver. But I believe he was convicted of possession. Phenocyclidine is a controlled substance. So he has committed a crime specified in the particular statute. And that's it. Let's assume, and I realize this isn't the case as it stands, but let's assume that the record showed that there was, in fact, a waiver at the time that he was initially admitted. Where would that take us? It wouldn't take us any place, Your Honor, because it's his burden to show that, well, I mean, he didn't obtain the – I guess the point is he didn't obtain the waiver. No, no. I'm saying let's assume for the moment he did obtain a waiver and it was shown in the record. A different case. Where would we be with him? I mean, this is highly speculative, Your Honor. I suppose if, in fact, there was a waiver and the consular official granted him the waiver and he established that at hearing, then I guess the immigration judge could have found that he wasn't admissible. But he made no attempt to do that. We could also review that, could we not? Review what, Your Honor? To determine whether the waiver was legally granted. Your Honor, I mean, we're talking about facts which are not in this case whatsoever. I don't know that I want to speculate on what your jurisdiction is on an issue which is absolutely not presented by any fact. Well, you don't need to argue it, counsel. But when the court is curious and is trying to really educate ourselves as to the law, we expect help from the government. So come off your high horse, sir. Well, I apologize, Your Honor. I didn't think that I was on my high horse. But I guess I'm happy to answer to your question to the best of my ability and help you out. Could you restate the question, please? Let's pass it. All right. Your Honor, I think the question that we're specifically interested in is that I know you take a fairly firm stance on jurisdiction. But it does seem to me that whether someone has been lawfully admitted is a legal question over which we would have jurisdiction. We may decide in the government's favor. But is that not a legal question? Oh, it may be a legal question, but it's not a legal question presented by the facts of this case because of it. Do you consider that as a threshold legal question? In the right factual circumstances, perhaps, but not in this case where there are no factual circumstances. What happened was he was admitted by the consular official. And let me also take issue with something that counsel for the petitioner said. She said very, I think, very sharply that there's no evidence that he was admitted through fraud. Well, there's no, actually no evidence with respect to what happened, what was in his application or what he said to the consular official. Did the IJs make that point? No. No, Your Honor. But what he made the point that there was no evidence. Of fraud. Of fraud. Well, that's significant, is it not? No, it's not. So in other words, we don't look at this as a fraud case because the ---- Well, it doesn't matter. As one of the judges pointed out, it doesn't matter that it was fraud. But my only point is that Petitioner, counsel's suggestion that there was absolutely no evidence with respect to what he, no evidence that he committed that he did not disclose is not entirely true because there, the counsel for the government at the hearing said that he had looked through the visa application and there was no mention of his drug possession crime. Now, that's not evidence either. But I just wanted to balance out the speculation that Petitioner's counsel offered. Again, he entered as a permanent resident under a visa issued by a consular official in Mexico. But such visa was issued, I mean, who knows, mistake, negligence, fraud, who knows. But the fact of the matter, it was issued in error because he was not admissible to the United States. And this court in the Wong case held uncategorically that where a visa, where an individual was not entitled to a visa at entry, then that visa can confer no status. He was not a lawful permanent resident. He was never a lawful permanent resident under Wong. And he can't use his, that permanent residence, because he wasn't, to establish entitlement to cancellation of removal. All right. Thank you. Thank you, Your Honor. We have your arguments in mind. The case of Marquez-Amero v. Gonzalez is submitted.
judges: B. Fletcher, McKeown, Whyte